IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally recognized Indian Tribe, <br><br> and <br><br> YAKAMA FOREST PRODUCTS, an instrumentality of the CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | No. **21-1527 L** |

## COMPLAINT

Plaintiffs, by and through their undersigned attorney, for their Complaint against the United States, hereby allege as follows:

### NATURE OF ACTION

1. This is an action by Plaintiffs, the Confederated Tribes and Bands of the Yakama Nation (the "Yakama Nation" or the "Nation") and Yakama Forest Products ("YFP") (collectively "Plaintiffs"), seeking money damages against Defendant United States of America ("Defendant" or "United States") for breaches of fiduciary duties arising out of the United States' failure to adequately protect the Yakama Forest and its resources from damages caused by the 2015 Cougar Creek Fire.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1505 (the Indian Tucker Act) and 28 U.S.C. § 1491(a)(1) (the Tucker Act) because the action

Page 1   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

involves a claim against the United States for money damages brought by an Indian tribe residing within the territorial limits of the United States, and arises under the Constitution, treaties, laws, statutes, and regulations of the United States, Executive Orders of the President, and federal common law, including, but not limited to:

    a.    Treaty with the Yakamas, dated June 9, 1855, 12 Stat. 951;

    b.    The Act of February 16, 1889, c. 172, 25 Stat. 673, codified at 25 U.S.C. § 196 (regarding the sale or disposition of dead timber on trust lands);

    c.    The Act of June 25, 1910, ch. 431, §§ 7-8, 36 Stat. 855, 857, codified at 25 U.S.C. §§ 406 – 407, as amended by the Act of April 30, 1964 (regarding the sale of timber on trust lands);

    d.    The Timber Protection Act of September 20, 1922, 42 Stat. 857, codified at 16 U.S.C. § 594 (requiring the United States to protect timber on Indian reservations from fire, disease, and insects);

    e.    The Indian Reorganization Act of June 18, 1934, c. 576, 48 Stat. 984, 986, codified at 25 U.S.C. § 5101 et seq. (regarding the conservation and development of Indian lands and resources);

    f.    The National Indian Forest Resources Management Act of November 23, 1990, Pub. L. 101-630, codified, as amended, at 25 U.S.C. §§ 3101 to 3120 (providing that the United States has various responsibilities toward Indian trust land, including protection against losses from wildfire); and

    g.    Federal regulations that describe specifically and generally the United States' duties in managing the Yakama Nation's forest resources located in 25 C.F.R. Part 163.

//

//

## PARTIES

3. Plaintiff Yakama Nation is a federally-recognized Native Nation and party to the Treaty with the Yakamas, dated June 9, 1855, 12 Stat. 951 ("Treaty of 1855" or "1855 Treaty"). Pursuant to the 1855 Treaty, the Yakama Nation reserved roughly 1,400,000 acres of land for its exclusive use and benefit as a permanent homeland in what is now the State of Washington ("Yakama Reservation" or "Reservation"), while ceding certain rights to over ten million acres of land to the United States.

4. Plaintiff YFP is an enterprise wholly-owned by the Yakama Nation, created to promote the fullest development and utilization of the Reservation's timber resources on a sustained yield basis, while growing the Yakama Nation's timber business and providing jobs and business opportunities for the Yakama Nation's citizens.

5. Defendant United States is the Yakama Nation's trustee and fiduciary. The United States is charged by the United States Constitution, the Treaty of 1855, federal statutes, federal regulations, Executive Orders, and other federal law with carrying out a trust responsibility to properly manage and administer the Nation's forestlands for the use and benefit of the Yakama Nation.

## RELATED CASE

6. This complaint is related to the pending case in the United States Court of Federal Claims, *Confederated Tribes and Bands of the Yakama Nation, et al. v. The United States,* Case No.: 1:19-cv-01966-RTH.

## FACTS

7. The Yakama Reservation includes approximately 650,000 acres of forestland ("Yakama Forest" or "Forest") located along the eastern slopes of the Cascade Mountain Range, adjacent to the Gifford Pinchot National Forest. These lands are abundant and valuable to the

Page 3   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

Yakama Nation, providing for water, food, and medicine, as well as recreational, educational, cultural, religious, spiritual, and other traditional resources. The Forest also provides critical employment opportunities and revenue to the Yakama Nation through the harvesting and sale of Forest timber and the manufacturing and sale of Forest products. YFP operates a commercial log sort yard and sawmill on the Reservation, and its principal log supply comes from the Yakama Nation's forestlands. YFP's continued existence and success is essential to the Yakama Nation's cultural, political, and economic vitality.

8. Legal title to substantially all of the Yakama Forest, including the Forest's timber resources, is held by the United States in trust for the benefit of the Yakama Nation and its 11,000 members. The United States Department of the Interior, Bureau of Indian Affairs ("BIA"), is the federal agency most directly responsible for discharging the United States' trust responsibilities owed to the Yakama Nation that are implicated by this action. Although the Yakama Nation entered into contracts to operate certain functions of the BIA forestry program pursuant to the 1975 Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, 25 U.S.C. § 5301 et seq., as amended, nothing in those contracts may be construed to terminate, waive, modify, or reduce the trust responsibility of the United States.

9. The Yakama Forest is a dry ponderosa pine and mixed-conifer forest. After generations of outdated fire exclusion practices, it is susceptible to wildfires in part due to forest densification, expansion of less fire-adapted vegetation, and increased fuel loading.

10. The United States' trust responsibilities include protecting and preserving the Nation's forestlands and timber from losses by wildfire, by, for example, defending against insects and disease, removing accumulated biomass, disposing of slash piles from past timber sales, performing essential fuel treatments such as thinning and prescribed burning, constructing firebreaks, preparing and planning for wildfire response, acquiring necessary fire-fighting and

Page 4   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

detection equipment, devoting resources to wildfire suppression to a degree and in a manner that is consistent with the fiduciary duty of care, and conducting other required forest management activities necessary to protect the Yakama Nation's forestlands from the risk of wildfire.

11. At all material times the United States failed to carry out its trust duties to protect and preserve the Yakama Forest from wildfire losses.

12. In 2005, the BIA approved a Forest Management Plan for the Yakama Reservation ("2005 FMP"). The 2005 FMP recognized an increasing fire hazard in the Yakama Forest and the need for appropriate management activities to address the hazard.

13. In 2013, in accordance with 25 U.S.C. § 3111, the independent Indian Forest Management Assessment Team issued a report acknowledging a significant and increasing risk to Indian forestlands from wildfire, and concluding that current staffing of Indian forest programs was inadequate and that the United States was not meeting its trust responsibility for Indian forestlands.

14. In January 2015, in response to the concerns raised by the Yakama Nation about forest mismanagement, a team of experts assembled by the BIA issued the "Yakama Forestry 2014 Review, Findings and Recommendations" ("Tiger Team Report"). In addition to observing that the program's capacity had diminished "to the point that it is on the verge of collapse," the Tiger Team Report found that "[s]lash piles from past timber sales are so numerous that they are reducing the number of forested acres on the Yakama Reservation and creating a tremendous wildfire hazard."

15. Despite these and other warnings, the BIA had failed to adequately address the substantial fire hazard, manage accumulating fuel loads, remove accumulated biomass, defend against insects and disease, dispose of slash piles from past timber sales, perform essential fuel treatments such as thinning and prescribed burning, construct adequate firebreaks, carry out

Page 5   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

adequate timber harvests, or otherwise manage the Yakama Forest in a manner consistent with its fiduciary duties. In addition, the BIA had failed to adequately analyze the wildfire risk, prepare and plan for its wildfire response, or acquire necessary fire-fighting and detection equipment.

16. By 2015 the landscape conditions in the Yakama Forest were badly deteriorated due to BIA's mismanagement and were ripe for a large, uncontrolled wildfire. The Forest contained significant acreage with overly-dense stands and unhealthy forest conditions, including insects and disease and an excess of dead biomass.

17. In this mismanaged environment, a lightning strike ignited a wildfire on August 10, 2015, southeast of Mt. Adams at an accessible location within the Yakama Reservation. The fire, later known as the Cougar Creek Fire, spread into an area with heavy and uninterrupted fuels including trees killed by insects and disease.

18. The United States failed to devote appropriate fire suppression resources to the Cougar Creek Fire to a degree and in a manner that is consistent with its trust duty. The United States also, in violation of its trust duties, redirected necessary fire suppression resources away from the Yakama Forest to other areas in the region, leaving the Forest exposed and vulnerable to the escalating damage.

19. The Cougar Creek Fire progressed throughout the area until it had burned a total of 53,498 acres, 41,530 of which were located on the Yakama Reservation. The fire destroyed valuable Forest resources, including significant amounts of harvestable timber. It deprived Plaintiffs of the economic benefit of that timber, obliterated significant spiritual and cultural sites, destroyed recreational uses enjoyed by Tribal members, shrunk wildlife habitat, and spoiled Forest aesthetic, viewshed, and other values. But for the United States' mismanagement,

Page 6   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

Plaintiffs' economic and non-market losses would have been less than the losses that they actually suffered.

## CLAIM FOR RELIEF

### (Breach of Trust)

20. Plaintiffs re-allege Paragraphs 1 – 19.

21. The United States has historically exercised, and continues to exercise, comprehensive statutory and regulatory control over management of the Nation's Forest resources held in trust for the benefit of the Nation, and it has obligated itself, as trustee, to protecting and preserving the Nation's timber resources against losses from wildfire. At all material times, a comprehensive legal framework, including the 1855 Treaty, federal timber management statutes, and the regulations promulgated thereunder, has imposed money-mandating fiduciary duties including, but are not limited to:

  a. The duty, pursuant to 25 U.S.C. § 196, to authorize the felling, cutting, removing, and selling or other disposition of dead timber on the Yakama Reservation;

  b. The duty, pursuant to 25 U.S.C. § 406, to consent to the sale of timber on the Yakama Reservation, in consideration of the needs and best interest of the Nation;

  c. The duty, pursuant to 25 U.S.C. § 407, to sell timber on Yakama Nation's trust land in accordance with the principles of sustained-yield management or to convert the land to a more desirable use;

  d. The duty, pursuant to 25 U.S.C. § 5109, to operate and manage the Nation's forestlands on the principle of sustained-yield management and to protect those forestlands from deterioration;

  e. The duty, pursuant to 25 U.S.C. § 3104, to undertake forestland management activities to develop, maintain, and enhance the Nation's forestlands in a

Page 7   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

perpetually productive state in accordance with the principles of sustained yield and with the standards and objectives set forth in a forest management plan, and to provide effective management and protection through the application of sound silvicultural and economic principles to the harvesting of forest products, forestation, timber stand improvement, and other forestry practices;

      f.      The duty, pursuant to 25 U.S.C. § 3104, to develop Yakama Nation forest lands so that the Nation receives not only stumpage value, but also the benefit of all the labor and profit its forest lands are capable of yielding;

      g.      The duty, pursuant to 25 U.S.C. § 3104, to maintain and improve timber productivity, grazing, wildlife, fisheries, recreation, aesthetic, cultural and other traditional values on Yakama Nation forest lands;

      h.      The duty, pursuant to 16 U.S.C.A. § 594, to protect and preserve the Nation's forestlands, and timber thereon, from fire, disease, and insects;

      i.      The duty, pursuant to 25 U.S.C. §§ 3104(a) and 3103(4)(D), to undertake forest land management activities to protect against losses from wildfire, including acquisition and maintenance of fire-fighting equipment and fire detection systems, construction of firebreaks, hazard reduction, and prescribed burning;

      j.      The duty, pursuant to 25 C.F.R. § 163.28, to maintain an adequate level of readiness to meet wildfire protection needs and extinguish forest fires; to conduct a wildfire prevention program to prevent damage to natural resources within the Nation's forestlands; to expend funds for emergency rehabilitation measures needed to stabilize soil and watershed on Indian land damaged by wildfire; and to use fire as a management tool on the Yakama Reservation to achieve land and resource management objectives;

Page 8     COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

  k. The duty, pursuant to 25 C.F.R. § 163.28(a), to maintain facilities and staff, hire temporary labor, rent fire-fighting equipment, purchase tools and supplies, and pay for their transportation as needed, to maintain an adequate level of readiness to meet normal wildfire protection needs and extinguish forest fires on Indian land;

  l. The duty, pursuant to 25 C.F.R. § 163.28(b), to conduct a wildfire prevention program to prevent damage to natural resources on Indian land;

  m. The duty, pursuant to 25 C.F.R. §§ 163.10(a) and 163.1, to undertake Indian forest land management to protect against insects and disease, to include detection and evaluation, preparation of project proposals containing project descriptions, environmental assessments and statements, and cost-benefit analyses necessary to secure funding; and field suppression operations and reporting; and

  n. The duty, pursuant to 25 C.F.R. § 163.31, to protect and preserve Indian forest land from insects and disease, and to control and mitigate the harmful effects therefrom.

  22. Despite the United States' knowledge of a substantial risk of severe wildfire in the Yakama Forest, and its clear fiduciary obligations to protect and preserve the Yakama Forest from damages caused by wildfire, at all material times the United States breached its money mandating trust duties with respect to forest management, fire prevention, fire planning, and fire suppression, and did not take the steps reasonably necessary to protect the trust resource from loss by fire. The United States' breaches of its fiduciary duties include, but are not limited to, failing to:

  a. Properly manage the Yakama Forest to maintain the lands in a perpetually productive state in accordance with the principles of sustained yield;

  b. Maintain and improve timber productivity, grazing, wildlife, fisheries, recreation, aesthetic, cultural and other traditional values on Yakama Nation forest lands;

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

      c.      Adequately remove accumulated biomass on the Forest floor;

      d.      Properly engage in adequate fire hazard reduction, including by failing to adequately construct firebreaks, conduct prescribed burnings and other fuel treatments, or control and protect against insects and disease;

      e.      Conduct an adequate wildfire prevention program to prevent damage to natural resources on Indian land;

      f.      Acquire and maintain adequate fire-fighting equipment and fire detection systems;

      g.      Maintain an adequate level of readiness to meet wildfire protection needs and extinguish forest fires;

      h.      Employ tactics in response to the Cougar Creek Fire that are consistent with the fiduciary standard of care;

      i.      Devote adequate resources in response to the Cougar Creek Fire to protect and preserve the Nation's forestlands; and

      j.      Take adequate steps to sell trust timber to prevent loss of values resulting from fire.

23.      The Cougar Creek Fire burned more acres, and burned many acres at a higher severity, than it otherwise would have had the United States properly discharged its trust duties relating to Forest management, fire prevention, fire planning, and fire suppression.

24.      The United States' failure to take the steps reasonably necessary to protect the trust resource from loss by fire caused, increased, and exacerbated Plaintiffs' losses resulting from the Cougar Creek Fire, including economic and non-market losses such as lost timber harvest, lost timber and forest product sales, lost forest productivity, lost wildlife and habitat, loss of recreational land, loss of viewshed, loss of educational, medicinal, cultural, religious and

Page 10    COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

spiritual sites, and loss of other resources and values traditionally associated with the Yakama Nation's forestlands.

25.    The United States' breaches of its fiduciary duties have caused damages to Plaintiffs in an amount not less than $10,000,000 to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.    For judgment in Plaintiffs' favor and against Defendant in an amount not less than $10,000,000 to be determined at trial;

2.    For a grant to Plaintiffs of prejudgment interest, costs and attorney's fees in this litigation as may be provided by law; and

3.    For any other relief the Court may deem equitable and just.

DATED this 30th day of June, 2021.

*s/ Ethan Jones*
Ethan Jones, Attorney of Record
Marcus Shirzad, Of Counsel
YAKAMA NATION OFFICE OF LEGAL COUNSEL
401 Fort Road
Toppenish, Washington 98948
ethan@yakamanation-olc.org
marcus@yakamanation-olc.org
(509) 865 7268

*Attorney of Record for Plaintiffs*

Page 11   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically by the Court CM/ECF system on June 30, 2021, upon all counsel of record.

*s/ Ethan Jones*
Ethan Jones, Attorney of Record
YAKAMA NATION OFFICE OF LEGAL COUNSEL
401 Fort Road
Toppenish, Washington 98948
ethan@yakamanation-olc.org
(509) 865 7268

*Attorney of Record for Plaintiffs*

Page 12   COMPLAINT

YAKAMA NATION
OFFICE OF LEGAL COUNSEL
P.O. Box 150 / 401 Fort Road
Toppenish, WA 98948
Phone (509) 865-7268