IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a federally recognized Indian tribe, and<br><br>YAKAMA FOREST PRODUCTS, an instrumentality of the CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION,<br><br>           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. 21-1527-RTH |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the U.S. Court of Federal Claims (RCFC), Appendix A, Plaintiffs, the Confederated Tribes and Bands of the Yakama Nation ("Yakama Nation") and Yakama Forest Products, and Defendant, the United States of America (collectively, "Parties"), conferred on July 31, 2024 and submit the following joint preliminary status report setting forth answers to the following questions:

**(a)    Does the court have jurisdiction over the action?**

Plaintiffs allege that the Court has jurisdiction over the action under 28 U.S.C. §§ 1505, 1491(a)(1). Defendant has disputed the Court has jurisdiction over the action and filed a motion to dismiss. On June 3, 2024, the Court entered a written Opinion and Order granting in part and denying in part Defendant's motion. ECF No. 48. The Court concluded that it has subject-matter jurisdiction over Plaintiffs' breach of trust claim for alleged breaches of duty that occurred after the 2013 settlement between the Yakama Nation and United States. ECF No. 48 at 48. The Court also found that it has subject-matter jurisdiction over Plaintiffs' Fifth Amendment takings claim

Page 1

to the extent Plaintiffs' claim is based on Defendant's alleged actions resulting in the accumulation of slash piles in the Yakama Forest.  ECF No. 48 at 48.

**(b)     Should the case be consolidated with any other case and, if so, why?**

On December 27, 2019, Plaintiffs filed a complaint against the United States in the Court of Federal Claims, Case No. 19-1966-RTH, concerning allegations that the United States breached its trust duties owed to the Yakama Nation related to forest management within the Yakama Forest. *Confederated Tribes & Bands of the Yakama Nation v. United States* ("*Yakama Forestry*"), 153 Fed. Cl. 676 (2021); Case No. 19-1966-RTH, Compl., ECF No. 1.  Plaintiffs believe that consolidation of these two actions during the damages phase of both lawsuits may be advisable. Plaintiffs will bring an appropriate motion before the Court as may be appropriate.  Defendant does not support consolidation because it believes the two actions are not directly related.

**(c)     Should trial of liability and damages be bifurcated and, if so, why?**

The Parties are agreed that bifurcation of the trial on liability and damages would be appropriate. If it is determined that the United States is not liable, bifurcation will save the Parties and the Court considerable expense and labor; if it is determined that the United States is liable, knowing the nature and extent of that liability will assist the Parties in developing and presenting to the Court their damages cases in an efficient and cost-effective manner.

**(d)     Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No, further proceedings should not be deferred pending consideration of another case.

**(e)     In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No, the Parties will not seek a remand or suspension.

**(f)     Will additional parties be joined?**

No, additional parties will not be joined.

**(g)     Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Both Parties will evaluate the suitability of Rule 56 motion practice as the case develops.

**(h)     What are the relevant factual and legal issues?**

Plaintiffs seek the recovery of damages for alleged breaches of money-mandating duties that Plaintiffs contend Defendant owes as a trustee responsible for the management of the Yakama Forest specific to wildfire prevention and suppression. Defendant denies any such breaches, and contends that Plaintiffs have undertaken hazardous fuels reduction and fire management activities which contributed to the damages Plaintiffs allege here. The relevant legal issues primarily relate to the alleged existence, source, nature, scope, and breach of Defendant's money-mandating trust duties that it owes Plaintiffs. According to Plaintiffs, the relevant factual issues consist of: (i) how Defendant undertook the performance of its money-mandating duties; (ii) whether Defendant's management of wildfire risk and wildfire suppression in the Yakama Forest departed from what it should have done to fulfill its money-mandating duties; and (iii) any damages resulting from Defendant's alleged breaches of its money-mandating duties. According to Defendant, the relevant factual issues include (iv) whether and to what extent Plaintiffs undertook hazardous fuels reduction and wildfire management activities; and (v) any damages resulting from actions undertaken, or not undertaken, by Plaintiffs.

**(i)     What is the likelihood of settlement?  Is alternative dispute resolution contemplated?**

The Parties were unsuccessful in their early attempt at an alternative dispute resolution ("ADR") process supervised by Senior Judge Marian Blank Horn for the claims in both this case and the *Yakama Forestry* case.  Plaintiffs assert that following the Court's decisions in both this

case and *Yakama Forestry*, meaningful progress towards resolving these disputes could be accomplished through ADR. Defendant believes that resuming settlement discussions may be helpful in the future, but cannot, at this time, commit to settlement discussions or say when would be an appropriate time to attempt ADR or if a settlement would be possible.

**(j)     Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The Parties anticipate proceeding to trial if any dispositive motions are denied. The Parties are not requesting expedited trial scheduling.

**(k)     Are there special issues, regarding electronic case management needs?**

The Parties anticipate that discovery will include a substantial amount of electronically stored information (ESI). The Parties are working on a stipulation regarding discovery procedure, which includes an agreement on ESI discovery. The Parties anticipate filing the stipulation on or before October 4, 2024.

**(l)     Is there other information of which the court should be aware at this time?**

In accordance with Section III.5 of the Court of Federal Claims Case Management Procedure, Appendix A, the Parties anticipate seeking a Fed. R. Evid. 502(d) court order incorporating a non-waiver agreement. The Parties propose the following liability discovery plan in accordance with Section III.5:

| Item | Plaintiffs' Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Disclosures required by Rule 26(a)(1)(A)(i) and (ii) | August 21, 2024 | August 21, 2024 |
| Initial RCFC 33 and 34 discovery requests served | September 4, 2024 | October 4, 2024 |
| Document discovery (including ESI) complete | February 21, 2025 | October 3, 2025 |

| Fact witness depositions complete | April 18, 2025 | January 18, 2026 |
|---|---|---|
| Disclosure of Plaintiffs' expert reports | May 16, 2025 | February 16, 2026 |
| Disclosure of Defendant's expert reports | June 1, 2025 | April 17, 2026 |
| Disclosure of Plaintiffs' rebuttal reports | July 1, 2025 | June 16, 2026 |
| Disclosure of Defendant's rebuttal reports | August 8, 2025 | August 17, 2026 |
| Expert depositions complete | September 19, 2025 | October 23, 2026 |
| Discovery closed | October 17, 2025 | November 23, 2026 |
| Motions (if any) under RCFC 56 | December 17, 2025 | January 23, 2027 |

Defendant notes that its ability to adhere to the foregoing schedule may be affected by time demands simultaneously imposed by the *Yakama Forestry* case, and by conflicting demands imposed on witnesses and other relevant personnel. Plaintiffs disagree that discovery here should be impacted in any way by the *Yakama Forestry* case, which has already been the subject of more than one year of discovery delays by Defendant. Defendants dispute Plaintiffs' characterization that the discovery timeline in *Yakama Forestry* resulted from delay, and assert that it merely reflected the time and resources necessary to respond to the discovery Plaintiffs sought in that case. The Parties note that the schedule may be impacted by firefighting activities, and that the Parties will propose scheduling modification if that is the case.

The Parties stipulate that the initial disclosures required by Rule 26(a)(1)(A)(iii) are not appropriate at this time; in the event the case proceeds to discovery and trial on damages, the

Parties will attempt to agree as to whether Rule 26(a)(1)(A)(iii) disclosures would be appropriate and, if so, on what schedule.

Respectfully submitted: September 4, 2024.

TODD KIM
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*s/Ethan Jones*
Ethan Jones
Marcus Shirzad
Yakama Nation Office of Legal Counsel

401 Fort Road
Toppenish, Washington 98948
ethan@yakamanation-olc.org
marcus@yakamanation-olc.org
Tel : (509) 865-7268
Fax : (509) 865-4713
Attorneys of Record for Plaintiffs

*s/Peter Kryn Dykema*
Peter Kryn Dykema
Angela Ellis
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0482
peter.dykema@usdoj.gov
Angela.Ellis@usdoj.gov
Tel: (202) 305-0436
Fax: (202) 305-0506
Attorney of Record for Defendant

OF COUNSEL FOR PLAINTIFFS

Josh Newton
Sarah Monkton
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
josh.newton@bbklaw.com
sarah.monkton@bbklaw.com
Tel: (541) 382-3011
Fax: (541) 388-5410

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court of Federal Claims via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: September 4, 2024.

*s/Ethan Jones*
Ethan Jones, Attorney of Record for Plaintiffs