# In the United States Court of Federal Claims

No. 21-1527
(Filed:  1 October 2025)
NOT FOR PUBLICATION

```
*************************************
CONFEDERATED TRIBES AND BANDS       *
OF THE YAKAMA NATION, et al.,        *
                                     *
                Plaintiffs,          *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
                                     *
*************************************
```

## ORDER

On 1 October 2025, the government moved to stay this case and all pending deadlines due to the lapse in appropriations to the Department of Justice ("DOJ").  *See* Gov't's Mot. to Stay ¶ 3, ECF No. 62.  Plaintiffs do not oppose this motion.  *Id.* ¶ 5.  Related to DOJ operations during the appropriations lapse, a 29 September 2025 DOJ memo clarifies:  "[i]f a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse."  *See* U.S. DOJ FY 2026 Contingency Plan at 8, https://www.justice.gov/jmd/media/1377216/dl?inline.  Likewise, on 1 October 2025, the United States Court of Appeals for the Federal Circuit stated the Court of Appeals "will remain open for business," and "absent further order, all scheduled arguments will proceed as scheduled . . . [and] all filing deadlines remain in effect" "to fulfill its constitutional duty to hear and resolve cases."  *See* 1 October 2025 Administrative Order at 1–2, https://www.cafc.uscourts. gov/wp-content/uploads/Announcements/AdministrativeOrders/AdministrativeOrder-Operations DuringLapseInAppropriations.pdf.  Given the government provides no reason to delay the current schedule of proceedings apart from a lapse in funding and the DOJ's memo clarifies litigation "can continue during the lapse" when ordered by a court, the Court **DENIES** the government's Motion to Stay, ECF No. 62.  *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("Trial courts are given broad latitude in managing and scheduling cases"); *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 637–38 (D.C. Cir. 2019) (Srinivasan & Edwards, JJ., concurring) (denying stay despite lapse in appropriations and citing eighteen prior cases denying stays despite appropriations lapses).  The Court notes this is consistent with the Court's orders in other cases.  *See, e.g.*, Order Denying Gov't's Mot. to Stay, ECF No. 25, *Blake v. United States*, No. 24-1372.

**IT IS SO ORDERED.**

- 2 -

s/ Ryan T. Holte
RYAN T. HOLTE
Judge